IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ryan Craig Brown, | ) | 4:13-cv-3053-RBH |
| | ) | 4:08-cr-00184-RBH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court upon the *pro se* motion of the petitioner, Ryan Craig Brown, pursuant to 28 U.S.C. § 2255, filed on November 6, 2013[1] [ECF No. 61]. Petitioner alleges "breach of plea agreement", "violation of due process rights", "ineffective assistance of counsel", and "sentencing court error". Further, Petitioner has filed two motions to amend (ECF No. 85 and 104), a motion for appointment of counsel (ECF No. 87), and a motion to proceed IFP (ECF No. 62). Defendant has filed [72] Motion to Dismiss. The Court finds that the petition was not timely filed and must be dismissed.

I. Procedural Background

The petitioner entered a plea of guilty to Count One (armed bank robbery); Count Two (use of a firearm during a crime of violence); and Count Three (robbery affecting commerce) on October 2, 2008. He was sentenced by this Court to 300 months of imprisonment followed by five years of supervised release. Judgment was entered on January 27, 2009. An appeal was filed, and the Fourth

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

Circuit Court of Appeals issued an opinion affirming this court on September 3, 2009 and entered judgment on the same date. The mandate was issued on September 25, 2009. Petitioner did not file a petition for writ of certiorari.

II. Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007).

After studying the petitioner's submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied because the petition was not timely filed.

The timeliness of Petitioner's Motion to Vacate is governed by 28 U.S.C. § 2255(f). The section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action:
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of the one-year limitation period, if a petitioner pursues direct appellate review but does not file a petition for a writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003). A petitioner has ninety (90) days to seek certiorari review after the court of appeals enters its judgment. *See* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of the judgment."); *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

Here, as noted above, Petitioner's conviction and sentence were imposed by Judgment entered on January 27, 2009. Petitioner then filed a direct appeal, and the Fourth Circuit affirmed his conviction and sentence on September 3, 2009. Because Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court, his judgment became final on approximately December 3, 2009. Petitioner then had one (1) year, until December 3, 2010, in which to file his § 2255

3

Motion. Petitioner did not file the instant § 2255 Motion until November 6, 2013, more than two (2) and a half years after the expiration of the limitation period. Thus, Petitioner's § 2255 Motion is untimely under § 2255(f)(1).

Petitioner blames his failure to meet the time deadlines for filing this petition on the fact that he is currently in state and not federal custody with an allegedly inadequate law library. He asserts that the law library in the state prison did not contain the 1996 amendments to AEDPA (which added the statute of limitations) until November 6, 2012 and that, prior to the enactment of the amendments, a Section 2255 petition could be filed at any time. He includes a memorandum from the Warden dated November 6, 2012 indicating that computers were being placed in the law library. He also includes with his [85] motion to amend an affidavit of an inmate who is a law library clerk and who states that before November 6, 2012, the library contained the 1994 edition of 28 U.S.C. § 2255. Petitioner further states that on November 20, 2012, he was assaulted by other inmates and placed in administrative segregation "for safety and security concerns"[2] until February 2, 2013[3] (Affidavit of Petitioner, ECF No.77-1), and that his legal materials were misplaced.

He also asserts that his court-appointed attorney deceived him into believing that he waived his rights to file a Section 2255 petition by the attorney's failure to return telephone calls and that Petitioner's only avenue was to await the filing of a Rule 35(b) motion. He asserts that "he and his

---

[2] Petitioner also attaches a "Notice of Placement in PHD", which states: "Inmate is a threat to the physical safety of other inmates or staff." (ECF No. 77-2, p. 2) He also attaches a letter that he wrote to the classification division with a response from them as follows: "I am aware of your situation and have forwarded this info. However, you have 3 major disc in 12 mtn as of right now. If you get (1) more charge you will be ME. Stay out of trouble." *Id.*, p. 5. The incident report says that the petitioner was attacked by other inmates. *See* ECF No. 79, p. 1.

[3] The petition was not filed until November 6, 2013.

family made several attempts to contact court appointed counsel over the last few years." (ECF No. 77, pp. 4-5) In his Section 2255 Petition, he asserts that counsel "failed to advise Petitioner of his right of any time under statute of limitation." (ECF No. 61, p. 12)

The Supreme Court has held that AEDPA's statutory limitations period may be equitably tolled in appropriate cases. *Holland v Florida*, 560 U.S. 631 (2010)(case remanded for further proceedings regarding whether the habeas petitioner had acted with reasonable diligence, where his post conviction relief counsel had committed serious professional misconduct.) To be entitled to equitable tolling, a petitioner bears the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is only appropriate when extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A petitioner's *pro se* status and ignorance of the law does not justify equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In addition, alleged inadequacy of the law library does not generally toll the statute of limitations. *Samuels v. Cohen*, 2007 WL 1732118 at *7 (D.S.C. 2007); *Miller v Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Also, transfer of a prisoner to another facility or being on lock-down and therefore lacking access to legal materials is not an extraordinary circumstance that would entitle the prisoner to equitable tolling in a habeas proceeding. *See, e.g., United States v. Anderson*, 238 F.3d 415 (4th Cir. 2000)(transfer among several correctional facilities and denial of access to legal materials was insufficient to equitably toll Section 2255's one year limitation period).

Therefore, on the basis of the above, the Court finds that the petitioner has failed to prove that he pursued his rights diligently and that an extraordinary circumstance stood in his way and prevented

timely filing. Ignorance of the statute of limitations fails to meet the requirements of equitable tolling. Also, Petitioner has not shown that he diligently pursued his rights. Regardless, even if both required prongs had been shown for equitable tolling, the substantive grounds of the petition lack merit.[4] Defendant's [72] Motion to Dismiss is granted, and the [61] Petition is dismissed with prejudice.

Petitioner's [104] motion to amend his Section 2255 petition is denied as futile because it was filed after the statute of limitations had run, and even the original pleading was not timely. "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Petitioner's [85] motion to amend his Response to the Motion for Summary Judgment is granted, and the Court has considered this filing.

The motion to appoint counsel (ECF No. 87) is denied as moot. The Court grants the motion to proceed IFP (ECF No. 62).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484

---

[4] Grounds One and Two are based upon Petitioner's argument that the government failed to give him credit for his cooperation by filing a Rule 35(b) motion. The government retains the discretion to make such a motion. Further, there is no showing of a refusal to move for a reduction based on an unconstitutional motive or that the failure to file the motion is not rationally related to a legitimate governmental end. *See Wade v. United States*, 504 U.S. 181 (1992); *United States v. Butler*, 272 F.3d 683 (4th Cir. 2001). Ground Three asserts ineffective assistance of counsel in misrepresenting relevant facts and withholding information in order to secure a guilty plea; failing to bring the government's breach of the plea agreement to the court's attention at sentencing; failing to object to the miscalculation of criminal history points; and failure to present mitigating facts. These arguments are belied by the guilty plea and sentencing transcripts and the fact this was an 11(c)(1)(c) stipulated sentence which was run concurrently with his state sentence. Ground Four alleges sentencing court error which is a direct appeal issue.

(2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

    **IT IS SO ORDERED**.

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence,  South Carolina
October 21, 2014